IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


ANTHONY RAY PARKS                                                    PLAINTIFF

            v.                    Civil No. 6:09-cv-06100

WAL-MART; ADAM CASTILE,
Manager, Wal-Mart; MICHAEL
BUFFINGTON, Employee, Wal-
Mart; and DETECTIVE BILL HOUSE                                       DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Anthony Ray Parks, filed this action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before the undersigned for preservice screening under the provisions of the *in forma paupers* statute.[1] On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### Background

According to the allegations of the complaint, on April 2, 2009, Adam Castile, the manager of the Wal-Mart Store located at 3604 Hwy. 7 in Hot Springs, Arkansas, reported an aggravated robbery. Castile reported four black males entered the store loaded buggies with computers, televisions, stereos, phones, and other items. Michael Buffington, a store employee, is alleged to have picked Anthony Parks (hereinafter Parks), the plaintiff, out of a photo line-up.

On June 29, 2009, Parks alleges he arrested due to an aggravated robbery charge filed by

---

[1] Plaintiff is no longer incarcerated. *See* Doc. 6.

-1-

Detective Bill House (hereinafter House).  Parks alleges he was not given an interview or interrogated concerning the April 2nd crime.  Parks was taken to the Garland County Jail and detained.

On July 1, 2009, Parks appeared in the District Court of Garland County.  As of the date he filed the complaint, October 6, 2009, he remained detained.  On October 24, 2009, Parks notified the court that he had a new address which he indicated was an apartment in Pine Bluff.

As relief, Parks seeks damages for pain, suffering, and emotional stress he has suffered as a result of his arrest and detention.  He also seeks an award of punitive damages.

Parks filed the complaint in the Eastern District of Arkansas.  The case was then transferred to this district.

## Discussion

This case is subject to dismissal.  First, Wal-Mart, Adam Castile, and Michael Buffington are private persons not subject to suit under § 1983.  A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  A private entity or individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law.  *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other that what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime).  Wal-Mart, Adam Castile, and Michael Buffington

cannot be sued under § 1983 because they are private citizens, not acting under color of state law. Moreover, these defendants are absolutely immune as witnesses in a criminal proceeding. *Briscoe v. LaHue*, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983)(A witness at trial has absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony).

Second, no claim against House is stated. Parks alleges the following: a crime was reported to the police; he was identified as one of the four individuals committing the crime by a store employee; a criminal case was filed against him; he was arrested on June 29th; and he was taken before a Judge on July 1st. While Parks objects to the fact that he was not interviewed or interrogated about the alleged crime when arrested, he does not argue any improper or unconstitutional actions were taken during the course of the arrest or detention. *See e.g., Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996)(a public official cannot be charged with false arrest when he makes the arrest pursuant to a facially valid warrant);

### Conclusion

For the reasons stated, I recommend that this case be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

**Parks has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Parks is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of November 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

-3-